IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

```
SEAN CARLOS BURKE,            )
                              )
          Plaintiff,          )   Civil Action No. 05-972
                              )
     v.                       )   Judge Hardiman
                              )   Magistrate Judge Caiazza
                              )
CAPTAIN ANTHONY BOVO,         )
et al.,                       )
                              )
          Defendants.         )
```

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is respectfully recommended that the Order granting the Plaintiff's Motion to proceed *in forma pauperis* (Doc. 18) be vacated and that his Motion be denied in accordance with the provisions of 28 U.S.C. § 1915(g). It is further recommended that this action be dismissed because of the Plaintiff's failure to pay the filing fee, reserving his right to reopen this case by paying the full $350.00 filing fee within sixty days, dating from the entry of a memorandum order.

### II. REPORT

Prisoner Sean Carlos Burke ("the Plaintiff" or "Burke") has filed the present action against forty defendants. On December 13, 2005, this Court granted the Plaintiff's Motion to proceed *in forma pauperis* ("IFP"). *See* Doc. 18. Subsequently, the court has discovered that Burke has had at least three prior actions

dismissed on the grounds that they were frivolous or failed to state a claim upon which relief may be granted. This determination implicates the "three strikes rule" in 28 U.S.C. § 1915(g).

Under the rule, a prisoner who, on three or more prior occasions while incarcerated, has filed an action in a federal court that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, must be denied IFP status unless he or she is in imminent danger of serious physical injury. *See id.* Court records reveal that the Plaintiff here has had his "three strikes."

In <u>Burke v. DiPrinzio, *et al.*</u>, Civil Action No. 01-2462 (E.D. Pa.), the Plaintiff's action was dismissed on April 8, 2002 for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2)(B)(ii).

In <u>Burke v. Dark</u>, Civil Action No. 00-5773 (E.D. Pa.), the Defendant's Motion to Dismiss for failure to state a claim was granted on March 8, 2001.

Finally, Burke appealed the <u>Dark</u> ruling and the Court of Appeals for the Third Circuit dismissed the appeal under the

provisions of 28 U.S.C. § 1915(e)(2)(B) by Order dated January 31, 2003 in Civil Action No. 01-1877.[1]

Although Burke has had at least three previous "strikes," he may be entitled to proceed *in forma pauperis* under the "imminent danger" exception.  To prove imminent danger, a plaintiff must allege facts showing that he was in imminent danger when the complaint was filed; allegations that the prisoner faced imminent danger in the past are insufficient. *See* Abdul-Akbar v. McKelvie, 239 F.3d 307 (3d Cir. 2001) (overruling Gibbs v. Roman, 116 F.3d 83, 86 (3d Cir. 1997)).

A review of the Plaintiff's voluminous allegations fails to indicate any imminent danger of physical injury caused by the Defendants' purported misconduct when the action was filed. Thus, it is respectfully recommended that this Court's Order granting Burke's Motion to proceed *in forma pauperis* be vacated, that his Motion to proceed *in forma pauperis* be denied in accordance with 28 U.S.C. § 1915(g), and that this action be dismissed because of the Plaintiff's failure to pay the filing fee, reserving to Burke the right reopen this case by paying the

---

1.  A court of appeals' dismissal of an appeal as frivolous or for failure to state a claim counts as a strike pursuant to 28 U.S.C. § 1915(g).  *See, e.g.*, Royal v. Young, 97 Fed. Appx. 66, 2004 WL 1088497 (8th Cir. May 17, 2004); Ortiz v. McBride, 380 F.3d 649 (2d Cir. 2004); Thompson v. Gibson, 289 F.3d 1218 (10th Cir. 2002); Glick v. Romer, 210 F.3d 389, 2000 WL 328127 (10th Cir. Mar. 29, 2000) (counting both dismissals by District Court and Circuit Court as strikes).

full $350.00 filing fee within sixty days of the entry of a memorandum order.[2]

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrates, the parties are allowed ten days from the date of service to file objections to this Report and Recommendation. Any party opposing the objections shall have seven days from the date of service of objections to respond. A failure to file timely objections may constitute a waiver of any appellate rights.

July 31, 2006

Francis X. Caiazza
U.S. Magistrate Judge

cc:

Sean Carlos Burke, BN-4840
SCI Forest
P.O. Box 945
One Woodland Drive
Marienville, PA  16239-0945

---

2.  The docket entries in this action do not show that any partial filing fees have been received.